# STEIN & VARGAS LLP

Overcoming Barriers | Ensuring Communication | Creating Access

September 6, 2022

**VIA ECF**
The Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY  11722

      Re:    *Sampson v. National Board of Medical Examiners*
                2:22-cv-05120

Dear Judge Vitaliano:

      The undersigned represent medical student, Robert Sampson, in a complaint against the National Board of Medical Examiners ("NBME"). Mr. Sampson respectfully requests a Pre-Motion Conference to discuss filing of a Motion for Preliminary Injunction to require the NBME to provide necessary accommodations for the United States Medical Licensing Examination ("USMLE"). This case is related to another matter *Sampson v. Stony Brook University*, Case Number 2:22-cv-04490 (JMA)(AYS).

      Robert Sampson is a gifted medical student who needs basic testing accommodations in order to take Step 1 of the USMLE as required by his medical school, Stony Brook University. Step 1 of the USMLE is administered by the NBME and medical students, like Mr. Sampson, who require testing accommodations must apply to the NBME requesting the testing accommodations they need. Despite filing seven requests for basic accommodations required because of his learning disabilities and Attention Deficit Hyperactivity Disorder (ADHD) and submitting voluminous documentation, the NBME has repeatedly denied Mr. Sampson any accommodations in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and section 504 of the Rehabilitation Act.

The ADA provides, "[i]t is discriminatory to fail to make reasonable modifications to policies, practices, and procedures when necessary to provide goods and services to a person with a disability." 42 U.S.C. § 12182(b)(2)(A)(ii). Specifically with respect to entities such as the NBME that offer tests related to professional licensing, the ADA requires such examinations be offered in a manner accessible to persons with disabilities. 42 U.S.C. § 12189. Section 504 likewise requires that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

The Department of Justice regulations specify that the examination is administered so as to "best ensure" that "the examination results accurately reflect the individual's aptitude or achievement level or whatever other fact the examination purports to measure," rather than measuring the extent of the individual's disability.  28 C.F.R. § 36.309(b). The regulations require that when considering requests for modifications, accommodations, or auxiliary aids or services, the entity gives considerable weight to documentation of past modifications, accommodations, or auxiliary aids or services received in similar testing situations, as well as such modifications, accommodations, or related aids and services provided in response to a plan describing services. 28 C.F.R. §36.309(b)(1)(v). The DOJ's technical guidance on such examinations further provides, "[r]eports from experts who have personal familiarity with the candidates should take precedence over those from, for example, reviewers for testing agencies, who have never personally met the candidate or conducted the requisite assessments for diagnosis and treatment." 28 C.F.R. pt. 36, app. A, at 796.

Mr. Sampson has been evaluated by several highly qualified neuropsychologists, who have concluded that he has ADHD and a Learning Disability in reading, which collectively cause substantial impairments to the major life activities of reading, thinking, concentrating and taking standardized exams. His evaluators have recommended that he receive accommodations including extended time to allow him to demonstrate his medical knowledge. Mr. Sampson has also been approved for and received these accommodations from his medical school, which include extended time. Mr. Sampson has requested that the NBME approve the accommodations that his comprehensive testing document he needs and his medical school provides.

Despite federal legal mandates, the NBME denies more than half of the requests for accommodation submitted by medical students with disabilities. As a result, medical students with disabilities have been forced to seek and been granted preliminary injunctions in federal court to obtain the accommodations they need in order to demonstrate their knowledge on the USMLE. For example, in *Ramsay v. NBME*, a court entered a preliminary injunction requiring the NBME to provide a medical student with learning disabilities and ADHD with her needed accommodations. *Ramsay v. Nat'l Bd. of Med. Exam'rs,* 968 F.3d 251 (3d Cir. 2020).  Likewise in *Berger v. Nat'l Bd. of Med. Exam'rs*, the Court entered a preliminary injunction requiring the NBME to provide accommodations to another student with ADHD and learning disabilities. Case No. 1:19-cv-99, 2019 U.S. Dist. LEXIS 145666 (S.D. Ohio August 27, 2019).

Absent a preliminary injunction requiring the NBME to comply with its obligations under federal law and provide the accommodations experts have determined Mr. Sampson needs because of his disabilities, Mr. Sampson faces irreparable harm and loss of his medical career despite extraordinary performance reviews. Stony Brook University has indicated it will dismiss Mr. Sampson from medical school because he cannot take and pass Step 1 without accommodations, despite him being a student in good standing.

The undersigned communicated with Mr. Burgoyne, counsel for the NBME, urgently requesting that the NBME reconsider its denial of accommodations but to date, the NBME has not reconsidered. Therefore, the Complaint was filed initiating suit against the NBME and counsel for Plaintiff seeks a Pre-Motion Conference and a briefing schedule on a Motion for a Pre-Liminary Injunction.

          Respectfully Submitted,
          s/*Mary C. Vargas*
          Mary C. Vargas
          Michael Stein
          STEIN & VARGAS, LLP
          10 G Street NE, Suite 600
          Washington, DC 20002
          Tel. (240)793-3185
          Fax (888)778-4620
          Mary.Vargas@steinvargas.com
          Michael.Stein@steinvargas.com

          Charles Weiner
          LAW OFFICE OF CHARLES WEINER
          Cambria Corporate Center
          501 Cambria Avenue
          Bensalem, PA 19020
          Tel. (267) 685-6311
          Fax (215) 604-1507
          charles@charlesweinerlaw.com

          Counsel for Plaintiff

Cc:    Robert Burgoyne
        PERKINS COIE
        rburgoyne@perkinscoie.com
        Counsel for National Board of Medical Examiners