IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT SAMPSON,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>　　　　Defendant. | Civil Action No. 2:22-cv-05120 |

**DEFENDANT NBME'S ANSWER**

　　　　Defendant National Board of Medical Examiners ("NBME"), by and through its attorneys, hereby answers the Complaint (Dkt. 1) filed by Plaintiff Robert Sampson ("Plaintiff"). NBME denies that it violated any law with respect to Plaintiff's request for testing accommodations on the United States Medical Licensing Examination ("USMLE"), denies that Plaintiff has provided documentation that supports his contention that he has "reading and attentional disabilities" and is entitled to disability-based accommodations on the USMLE, denies that it discriminated against Plaintiff, denies that Plaintiff is entitled to his requested relief or any relief herein, and responds to the specific allegations in the correspondingly numbered paragraphs of the Complaint as follows:

**Jurisdiction, Parties, and Venue**

　　　　1.　　NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

　　　　2.　　NBME admits the allegations in the first sentence of paragraph 2. In response to the allegations in the second sentence of paragraph 2, NBME admits that it administers the USMLE through a third-party vendor, admits that the USMLE consists of Step 1, Step 2 CK, and Step 3 examinations, and admits that the USMLE is relied on by jurisdictions across the United States for

medical licensure purposes. In response to the allegations in the third sentence of paragraph 2, NBME admits that it is a private entity subject to the requirements of 42 U.S.C. § 12189 with respect to its offering the USMLE, an examination related to licensing for professional purposes. NBME denies the remaining allegations in paragraph 2.

3. NBME admits the allegations in paragraph 3.

4. Given the vague and generalized wording of the allegations in paragraph 4, NBME cannot admit or deny those allegations and therefore denies them. However, NBME does not contest either personal jurisdiction or venue.

5. The allegations in paragraph 5 are legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies the allegations in paragraph 5.

6. In response to the allegations in the first sentence of paragraph 6, NBME admits that Plaintiff purports to assert claims under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act but denies that Plaintiff is entitled to relief under either statute. The allegations in the second sentence of paragraph 6 are legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that the Court has subject matter jurisdiction over this action.

7. The allegations in paragraph 7 are legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that "acts of discrimination have taken place in this District," states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's place of residence, and states that it is not challenging venue in this district.

8. In response to the allegations in paragraph 8, NBME admits that this case is being treated as a related case to *Sampson v. Stony Brook University*, No. 2:22-cv-04490 (JMA) (AYS).

## FACTUAL ALLEGATIONS

9. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies them.

10. NBME denies the allegation in paragraph 10 that Mr. Sampson is disabled and needed accommodations on the USMLE. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10, and therefore denies them.

11. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore denies them.

12. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore denies them.

13. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore denies them.

14. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies them.

15. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies them.

16. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies them.

17. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies them.

18. NBME denies the allegations in paragraph 18.

19. NBME admits that Plaintiff has submitted paperwork to NBME indicating that he has been diagnosed with a Specific Learning Disorder with impairment in reading and Attention Deficit Hyperactivity Disorder (ADHD), but denies that the documentation submitted by Plaintiff supports these diagnoses and denies the remaining allegations in paragraph 19.

20. NBME denies the allegations in paragraph 20.

21. NBME admits that it has denied Plaintiff's requests for testing accommodations on Step 1 of the USMLE and denies the remaining allegations in paragraph 21.

22. NBME denies the allegations in paragraph 22.

23. NBME denies the allegations in paragraph 23.

### **Sampson's [Alleged] Disabilities**

24. NBME denies the allegations in paragraph 24, on information and belief.

25. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies them.

26. NBME denies the allegations in paragraph 26.

27. NBME denies the allegations in paragraph 27.

28. NBME denies the allegations in paragraph 28.

29. NBME denies the allegations in paragraph 29.

30. NBME denies the allegations in paragraph 30.

31. NBME denies the allegations in paragraph 31, which are generalized and vague.

32. NBME denies the allegations in paragraph 32, which are generalized and vague.

33. NBME denies the allegations in paragraph 33, which are generalized and vague.

34. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore denies them.

35. NBME denies the allegations in paragraph 35.

36. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies them.

37. NBME denies the allegation in paragraph 37 that Mr. Sampson experienced difficulties due to a disability. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37, and therefore denies them.

38. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore denies them.

39. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore denies them.

**The USMLE Step 1**

40. In response to the allegations in the first sentence of paragraph 40, NBME admits that it administers the USMLE through a third-party vendor. In response to the allegations in the second sentence of paragraph 40 (which are vague), NBME admits that the USMLE is relied on by jurisdictions across the United States in making decisions regarding medical licensure.

41. In response to the allegations in paragraph 41, NBME admits that published information regarding the USMLE Step 1 examination states that Step 1 assesses whether an examinee understands and can apply important concepts of the sciences basic to the practice of medicine, with special emphasis on principles and mechanisms underlying health, disease, and modes of therapy. NBME denies the characterization of this information in paragraph 41.

42. In response to the allegations in paragraph 42, NBME admits that the Step 1 examination is a computer-based, multiple-choice examination and that the total number of items on the overall examination form will not exceed 280. NBME further admits that the Step 1

examination is a one-day examination divided into seven 60-minute blocks and administered in one 8-hour testing session. NBME denies that Step 1 questions are "presented in standard multiple-choice format," as that allegation is vague.

43. In response to the allegations in the first sentence of paragraph 43, NBME admits that it develops the USMLE Step 1 exam and that the exam is administered at Prometric test centers on various dates throughout the United States. In response to the allegations in the third sentence of paragraph 43, NBME admits that, unless a student requests otherwise and in accordance with the USMLE Bulletin of Information, an examinee's Step 1 exam results will be reported to his or her medical school.

44. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 44, and therefore denies them. NBME admits that passing the Step 1 exam is required in order to be eligible to take Step 3 of the USMLE. NBME denies that passing Step 1 is a prerequisite to taking the Step 2 CK exam. NBME denies the remaining allegations in the second sentence of paragraph 44, which are vague and generalized.

45. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations paragraph 45, which, among other things, are not specific to any particular Step exam or period of time, and therefore denies them.

### The NBME's Request for Accommodation Process

46. In response to the allegations in paragraph 46, NBME admits that examinees seeking disability-based testing accommodations must submit a request for accommodations on the USMLE. NBME denies the remaining allegations in paragraph 46, which are generalized and vague.

47. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 regarding the amount of time it takes to prepare a request for testing accommodations, and therefore denies them. NBME denies the remaining allegations in paragraph 47.

48. In response to the allegations in paragraph 48, NBME admits that an examinee must be registered in order to request accommodations on the USMLE. NBME denies the remaining allegations in paragraph 48, which are generalized and vague.

49. NBME denies the allegations in the first sentence of paragraph 49. In response to the remaining allegations in paragraph 49, NBME admits that the courts in *Ramsay v. NBME* and *Berger v. NBME* entered preliminary injunction orders granting the plaintiffs' requested testing accommodations.

50. NBME denies the allegations in paragraph 50.

51. NBME denies the allegations in paragraph 51.

52. In response to the allegations in paragraph 52, NBME admits that students must be registered to test in order to request accommodations on the USMLE and states that test registration fees for students or graduates of medical schools in the United States to take Step 1 and Step 2 CK are currently $645 for each of the exams. NBME denies the remaining allegations in paragraph 52.

53. NBME denies the allegations in paragraph 53.

54. NBME denies the allegations in paragraph 54.

55. NBME denies the allegations in paragraph 55.

56. NBME denies the allegations in paragraph 56 regarding the characterizations of NBME's registration fees and "unnecessary educational testing" and denies the remaining allegations in paragraph 56, which are generalized and vague.

57. NBME denies the allegations in paragraph 57.

58. Because no time period is stated in paragraph 58 and the allegation is otherwise vague and ambiguous, and because NBME does not track this information, NBME denies the allegation in paragraph 58.

59. NBME denies the allegations in the first sentence of paragraph 59. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 59, and therefore denies them.

60. NBME denies the allegations in paragraph 60, which are generalized and vague.

61. In response to the allegations in paragraph 61, NBME admits that new requests for accommodations must include a personal statement, a report of professional evaluation and/or appropriate records from a qualified evaluator/treating professional, relevant objective records of impaired functioning, and certification of prior test accommodations (where applicable). NBME denies the remaining allegations in paragraph 61.

62. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore denies them.

**Denials of Sampson's Request for accommodations**

63. NBME denies the allegations in paragraph 63, and states that it received Plaintiff's first request for accommodations on or about April 3, 2017 and that Plaintiff sought 50% extra testing time but not extra breaks.

64. In response to the allegations in paragraph 64, NBME admits that Plaintiff submitted two professional evaluations and a certification of prior test accommodations from his medical school with his April 2017 request, and further admits that Plaintiff's submission complied with NBME's documentation requirements. NBME denies the remaining allegations in paragraph 64, which are vague.

65. NBME admits the allegations in paragraph 65.

66. NBME admits the allegations in paragraph 66.

67. In response to the allegations in paragraph 67, NBME admits that Plaintiff sought reconsideration of NBME's decision denying his request for accommodations by letter dated June 22, 2017, and submitted additional documentation to NBME. NBME denies that Plaintiff "re-applied" for accommodations.

68. In response to the allegations in paragraph 68, NBME admits that it denied Plaintiff's request for reconsideration by letter dated August 1, 2017.

69. In response to the allegations in paragraph 69, NBME admits that Plaintiff again sought reconsideration by letter received on or about November 30, 2017, and that Plaintiff submitted additional documentation with this letter.

70. In response to the allegations in paragraph 70, NBME admits that it denied Plaintiff's request for reconsideration by letter dated January 12, 2018.

71. In response to the allegations in paragraph 71, NBME admits that Plaintiff sent a letter dated February 22, 2018 to NBME requesting "an explanation as to why [he is] not being granted disability related accommodations on the USMLE Step 1 exam."

72. In response to the allegations in paragraph 72, NBME admits that it responded to Plaintiff's request by letter dated March 6, 2018, and that letter stated that NBME was unable to provide Plaintiff with his requested accommodations.

73. In response to the allegations in paragraph 73, NBME admits that it received a June 29, 2018 letter from a lawyer for Plaintiff seeking a "reversal of NBME's discriminatory decision." NBME further states that, on or about August 5, 2018, Plaintiff, through his lawyer, submitted an accommodation request form and personal statement to NBME.

74. In response to the allegations in paragraph 74, NBME admits that it denied Plaintiff's request by letter dated September 7, 2018.

75. In response to the allegations in paragraph 75, NBME admits that it received a November 14, 2018 letter from a lawyer for Plaintiff seeking "a reversal of the NBME's latest discriminatory decision."

76. In response to the allegations in paragraph 76, NBME admits that it denied Plaintiff's request by letter dated January 4, 2019.

77. In response to the allegations in paragraph 77, NBME admits that Plaintiff took the Step 1 exam in January 2020 without accommodations but denies that Plaintiff "needed" any accommodations. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 77 and therefore denies them.

78. NBME denies the allegations in the first sentence of paragraph 78. NBME admits the allegations in the second sentence of paragraph 78.

79. NBME denies the allegations in paragraph 79.

80. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and therefore denies them.

81. NBME denies the allegations in paragraph 81.

82. NBME denies the allegations in paragraph 82.

83. NBME denies the allegations in paragraph 83.

84. In response to the allegations in paragraph 84, NBME admits that Dr. Wasserstein recommended double-time testing accommodations and extended breaks between sections of the test.

85. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, and therefore denies them.

86. In response to the allegations in paragraph 86, NBME admits that Mr. Sampson sent a new request for accommodations on April 15, 2022, that included Dr. Wasserstein's report and that NBME denied this request by letter dated June 1, 2022.

87. NBME admits the allegations in paragraph 87, except denies that the documentation submitted by Mr. Sampson "report[ed] a lifetime of tutoring," denies that the documentation included a "Report of Thomas Aronson, M.D.," and denies the date of the MCAT score report.

88. NBME denies the allegations in paragraph 88.

89. NBME denies the allegations in paragraph 89.

90. NBME denies the allegations in paragraph 90.

91. NBME denies the allegations in paragraph 91.

92. NBME denies the allegations in paragraph 92.

93. NBME denies the allegations in paragraph 93.

94. NBME denies the allegations in paragraph 94.

95. NBME denies the allegations in paragraph 95.

96. NBME denies the allegations paragraph 96, on information and belief.

97. NBME denies the allegations in paragraph 97.

98. NBME denies the allegations in paragraph 98.

99. NBME denies the allegations in paragraph 99.

100. In response to the allegations in paragraph 100, NBME admits that lawyers representing Plaintiff have communicated with NBME on his behalf and denies the remaining allegations.

**COUNT I**

101. NBME restates and incorporates by reference its responses to paragraphs 1-100.

102. NBME denies the allegations in paragraph 102.

103. NBME denies the allegations in paragraph 103.

104. In response to the allegations in paragraph 104, NBME admits that the U.S. Department of Justice enforces Title III of the ADA but denies that the statutory provision cited and misquoted by Plaintiff is relevant or applicable to this dispute.

105. NBME admits that it is subject to the requirements of 42 U.S.C. § 12189 with respect to its offering the USMLE and denies the remaining allegations in paragraph 105.

106. NBME admits the allegations in paragraph 106.

107. NBME admits that Plaintiff accurately quotes from portions of 28 C.F.R. § 36.309(b)(1) and denies the remaining allegations in paragraph 107.

108. NBME admits that Plaintiff is paraphrasing part of the regulation found at 28 C.F.R. § 36.309(b)(1)(v) but denies that the allegations in paragraph 108 accurately reflect this regulation.

109. NBME admits that Plaintiff accurately quotes one sentence from Department of Justice guidance in paragraph 109.

110. NBME denies the allegations in paragraph 110.

111. NBME denies the allegations in paragraph 111.

112. NBME denies the allegations in paragraph 112.

113. NBME denies the allegations in paragraph 113.

114. NBME denies the allegations in paragraph 114.

## COUNT II

115. NBME restates and incorporates by reference its responses to paragraphs 1-114.

116. NBME admits that Plaintiff accurately quotes from part of 29 U.S.C. § 794(a) in paragraph 116.

117. NBME denies the allegations in paragraph 117.

118. NBME denies the allegations in paragraph 118.

119. NBME denies the allegations in paragraph 119.

120. NBME denies the allegations in paragraph 120.

121. NBME denies the allegations in paragraph 121.

122. NBME denies the allegations in paragraph 122.

The remaining allegations in Plaintiff's complaint constitute a prayer for relief as to which no response is required, but NBME denies that Plaintiff is entitled to the relief requested or to any relief.

**ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED HEREIN ARE DENIED.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by the statute of limitations to the extent they are based on decisions made or communicated by NBME outside the limitations period.

2. Providing Plaintiff's requested accommodations based on an alleged substantial limitation in the major life activity of learning would constitute a fundamental alteration of the USMLE Step examinations.

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches. Plaintiff is seeking injunctive relief requiring NBME to "expunge" his January 2020 Step 1 score which he alleges was "obtained under discriminatory conditions" when he could have pursued injunctive relief prior to testing in January 2020. All test scores are reported as a standard testing policy to protect the integrity of the exam and support medical licensing authorities. Plaintiff unreasonably delayed in asserting his alleged right to test with accommodations, to the prejudice of NBME.

4. To the extent Plaintiff is claiming monetary damages, such claim is barred in whole or in part based on his failure to mitigate his alleged damages.

NBME presently has insufficient knowledge or information on which to form a belief as to whether it may have any additional defenses available. NBME reserves the right to assert additional affirmative defenses in the event discovery, further analysis, or future events indicate that additional unknown or unstated defenses are applicable.

WHEREFORE, NBME prays for judgment as follows:

1. That Plaintiff take nothing and be denied all relief requested in his Complaint;

2. The Plaintiff's Complaint be dismissed with prejudice on the merits;

3. That NBME recover its fees and costs incurred herein; and

4. That NBME be awarded such other and further relief as the Court deems just and proper.

-15-

Dated: November 14, 2022            Respectfully submitted,

           */s/ Caroline M. Mew*
Caroline M. Mew (*pro hac vice*)
Perkins Coie LLP
700 13th St. NW, Suite 800
Washington, DC 20005
Telephone: +1.202.654.1767
Facsimile: +1.202.654.6211
CMew@perkinscoie.com

Adam R. Mandelsberg, Bar No. 065532013
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.261.6867
Facsimile: +1.212.399.8067
AMandelsberg@perkinscoie.com

Attorneys for the National Board of Medical Examiners