```
                                              FILED
                                              CLERK
     UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK             6/8/2023 2:52 pm

                                              U.S. DISTRICT COURT
                                              EASTERN DISTRICT OF NEW YORK
                                              LONG ISLAND OFFICE

------------------------------X
                              :
ROBERT SAMPSON,               :
                              :        22-CV-5120 (JMA)(AYS)
              Plaintiff,      :
                              :        May 4, 2023
                              :
         V.                   :        Central Islip, NY
                              :
NATIONAL BOARD OF MEDICAL     :
EXAMINERS,                    :
              Defendant.      :
------------------------------X


     TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
        BEFORE THE HONORABLE JOAN M. AZRACK
            UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:         MARY VARGAS, ESQ.
                           Stein & Vargas LLP
                           10 G Street NE, Suite 600
                           Washington, DC 20002


For the Defendant:         CAROLINE MEW, ESQ.
                           Perkins Coie LLP
                           700 13th Street, NW, Suite 800
                           Washington, DC 20005-3960




Court Transcriber:         ARIA SERVICES, INC.
                           c/o Elizabeth Barron
                           274 Hovey Road
                           Milo, ME 04463
                           Aria@leinen.net



Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

1           THE CLERK:  Case 22-CV-5120, Sampson v.
2 National Board of Medical Examiners.  Counsel, state
3 your appearances please and then Judge Azrack will call
4 in.
5           MS. VARGAS:  Good morning.  This is Mary
6 Vargas for the plaintiff as well as my co-counsel,
7 Charles Weiner, and my client, Mr. Robert Sampson.
8           THE CLERK:  Thank you.
9           MS. MEW:   Caroline Mew and Adam Mandelsberg
10 for the National Board of Medical Examiners.
11           THE CLERK:  Great, thanks so much.  Judge
12 Azrack will call in, in a moment.
13           THE COURT:  Good morning, it's Judge Azrack.
14           MS. VARGAS:  Good morning, your Honor.
15           MS. MEW:  Good morning, your Honor.
16           THE COURT:  Okay.  Ms. Vargas, you requested
17 a conference?
18           MS. VARGAS:  Yes.  With the Court's
19 permission, I asked to be heard on behalf of Mr.
20 Sampson.
21           THE COURT:  Sure, go ahead.
22           MS. VARGAS:  This morning, Robert Sampson
23 stands in the wake of the NBME's destruction.  Seven
24 times Mr. Sampson applied for accommodations from the
25 NBME.  With each new registration, the NBME required

1  him to pay exorbitant fees in order to have his
2  accommodation request even considered and then denied.
3  Each year Mr. Sampson missed the residency match took
4  away and continues to take away not only a year of his
5  earnings but diminishes his ability to obtain a
6  residency at all.  He's a medical student who's had to
7  pay out of pocket what he was able and continues to
8  face almost half a million dollars in legal fees and
9  costs because of the NBME's actions, money spent just
10 to access his legal rights.
11            Two weeks ago, the NBME took yet another
12 precious day away from Mr. Sampson's studying and
13 argued in the U.S. Court of Appeals that Mr. Sampson is
14 not entitled to accommodations.  Last night, the NBME
15 claims to have reversed course, in a transparent effort
16 to evade an order of this Court.  And just as he always
17 was, Mr. Sampson is at their mercy.  At any point, they
18 can retract the accommodations letter issued last
19 night, changing course on a dime.
20            The NBME has gone into Mr. Sampson's world
21 and broken everything around him, in violation of --
22            THE COURT:  I need to stop you there.  I
23 can't imagine that the Board would do that but why
24 don't we just -- why don't you just stipulate to it?
25 Who is on the -- Mr. Mandelsberg is on the phone.  I

1  mean, are you really concerned about that?
2              MS. VARGAS:  Yes, we are, your Honor.  The
3  NBME's letter issued last night itself on page two
4  specifies that Mr. Sampson must reapply for
5  accommodations each time he takes a step of the USMLE.
6  So we do request and Mr. Sampson does need an order of
7  protection, and Rule 65 permits a preliminary
8  injunction motion to be transformed into a permanent
9  injunction, and that is what he seeks.
10             MS. MEW:  Your Honor, this is Carline Mew
11 for the National Board of Medical Examiners.  To
12 clarify the statement in the letter about requesting
13 accommodations, it's simply for him to confirm that he
14 wants the accommodations on a later test.  NBME has
15 unequivocally committed in that letter to providing him
16 accommodations not only on his upcoming tests but to
17 subsequent administrations of step 2CK and step three
18 of the USMLE, and I repeat that unequivocal commitment
19 right now.  The accommodations will be provided.
20             THE COURT:  Yeah, I understand that.
21             Okay, so why don't we just let Mr. Sampson
22 study for step one and move on?  I mean, I don't have
23 any reason to believe that the Board is not going to
24 stand by what Ms. Mew just said, so what's the relief
25 you're seeking today, Ms. Vargas?

```
 1              MS. VARGAS:  Today, we seek an order to give
 2   Mr. Sampson certainty that the position of the NBME
 3   will not change, that he will not be denied
 4   accommodations when he seeks them.
 5              THE COURT:  Ms. Mew just committed on the
 6   record that that's the case.  She committed on the
 7   record that that's the case, so there's no reason to do
 8   anything other than for Mr. Sampson to put his head
 9   down and keep studying and take the step one and move
10   on from there.  If you want to put something in writing
11   about why you think you need more, be my guest.  But I
12   don't think you need more and I think the Board has
13   stepped up and put on the record in a recorded
14   conference to a federal judge what they believe -- what
15   they see their obligations are, and I don't see any
16   reason to doubt them.  So if you want to put something
17   in writing, you can, but I don't think you need to.
18              MS. VARGAS:  Thank you, your Honor.
19              THE COURT:  Okay, all right, thank you.
20   Thanks, everybody.  Please wish Mr. Sampson good luck.
21              Thank you very much, Ms. Mew.  Thank you.
22              MS. MEW:  Thank you.
23              MS. VARGAS:  Your Honor, this is Mary
24   Vargas, if I could ask one more question.
25              THE COURT:  Sure.
```

```
 1            MS. VARGAS:  Will the Court be setting a
 2   scheduling order to proceed with the remaining relief
 3   sought in this litigation?
 4            THE COURT:  What is the remaining relief
 5   sought?
 6            MS. VARGAS:  Mr. Sampson has a claim for
 7   damages.  He's suffered incredible damages, financial
 8   losses, as the result of the denial of accommodations
 9   by the NBME.  So he seeks declaratory relief as well as
10   the damages incurred, and of course attorneys' fees and
11   costs.
12            THE COURT:  Well, it seems to me you're
13   getting all the relief that you asked for.  You know,
14   I'll have to have briefing on whether there are damages
15   that you're entitled to, so why don't you confer and
16   come up with a briefing schedule?
17            MS. VARGAS:  Thank you, your Honor.
18            THE COURT:  Anything else?
19            MS. VARGAS:  Not at this time.
20            MS. MEW:  No, your Honor, thank you.
21            THE COURT:  Thank you.
22                     * * * * * *
23
24
25
```

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18        I certify that the foregoing is a correct
19   transcript from the electronic sound recording of the
20   proceedings in the above-entitled matter.
21
22
23   [signature]
24
25   ELIZABETH BARRON                          June 8, 2023
```