UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROBERT SAMPSON,

                              Plaintiff,

-against-

NATIONAL BOARD OF MEDICAL EXAMINERS,

                              Defendant.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
22-CV-05120 (JMA) (AYS)

FILED
CLERK
4:10 pm, Feb 07, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Presently before the Court is the motion by Plaintiff Robert Sampson for attorney's fees and costs. (See ECF No. 60.) For the reasons set forth below, the motion is DENIED and this action is DISMISSED as moot.

## I. BACKGROUND

On August 29, 2022, Plaintiff, a student at the Renaissance School of Medicine at Stony Brook University, commenced this action against Defendant National Board of Medical Examiners ("NBME"). Plaintiff's Complaint alleged the refusal by NBME to grant Plaintiff special accommodations for taking the first of the three "Step" tests that constitute the United States Medical Licensing Examination ("Step 1") violated the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. (the "ADA"), and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794(a). (ECF No. 1.)

On September 20, 2022, Plaintiff filed a motion for a mandatory preliminary injunction to compel NBME to provide Plaintiff double testing time and extended breaks when he takes Step 1. (ECF No. 16.) The Court conducted a preliminary injunction hearing over three days in October 2022. (ECF Nos. 37-39.) On December 2, 2022, the Court granted the requested preliminary injunction. See Sampson v. Nat'l Bd. of Med. Examiners, No. 22-CV-05120, 2022 WL 17403785,

at *19 (E.D.N.Y. Dec. 2, 2022), vacated and remanded, No. 23-3, 2023 WL 3162129 (2d Cir. May 1, 2023).

On May 1, 2023, the Second Circuit vacated the preliminary injunction and remanded the matter for further proceedings, including potential reevaluation of the preliminary injunction motion.  See Sampson v. Nat'l Bd. of Med. Examiners, No. 23-3, 2023 WL 3162129, at *1-2 (2d Cir. May 1, 2023).  The Second Circuit reasoned that, when it was granted, the irreparable harm the preliminary injunction sought to prevent—Plaintiff's inability to proceed in medical school—could still occur if Plaintiff received an unfavorable resolution in his separate action against Stony Brook University regarding its intent to dismiss Plaintiff for exceeding the medical school's requirement that students graduate within seven years of enrollment.[1]  Id.

On May 3, 2023, the Court held a status conference in the Stony Brook Action.  In that conference, the parties discussed settlement terms (previously reported in December 2022) that would allow Plaintiff until August 12, 2024, to complete his medical schooling.  (See ECF No. 60-4 at 2:22-16:1.)  The parties agreed to those terms on the record.  (Id. at 16:3-23.)  Accordingly, the Court deemed the Stony Brook Action no obstacle to re-issuing the preliminary injunction in this case, provided the parties in this action first have an opportunity to be heard.  (See id. at 3:13-4:10.)  NBME, which is not a party in the Stony Brook Action and is represented by counsel separate from the attorneys of record in that action, took no part in the conference.

Later on May 3, 2023, NBME filed a letter in this action informing the Court that, despite vacatur of the preliminary injunction, it would permit Plaintiff to take Step 1 on his "chosen test

---

[1] Plaintiff's action against Stony Brook University is captioned Sampson v. Stony Brook University et al., No. 22-CV-04490 (E.D.N.Y.) (the "Stony Brook Action").  At the time the Court issued the preliminary injunction in this case, the Stony Brook Action was stayed on consent of the parties through February 4, 2023.  (See Stony Brook Action, ECF Nos. 7, 17.)

dates" (May 17 and 18, 2023) "with his requested accommodations" and would allow Plaintiff to take the additional two Step exams with the same accommodations. (ECF No. 52.) At Plaintiff's request, the Court held a status conference the next day. (See ECF Nos. 51, 53 (Plaintiff's status conference requests); ECF No. 57 (status conference transcript).) During that conference, Plaintiff's counsel expressed concern that NBME would renege on its representations, and—despite defense counsel's reaffirmation of NBME's position on the record—sought an order to compel NBME to provide the accommodations. (See ECF No. 57 at 3:14-5:4.) The Court declined to issue such an order. (See id. at 5:5-20.)

On September 18, 2023, consistent their stipulated briefing schedules (ECF Nos. 58-59), the parties filed their submissions in connection with Plaintiff's instant motion for attorney's fees and costs. (See ECF Nos. 60-62.)

## II.    LEGAL STANDARD

Under the ADA, a district court, "in its discretion, may allow the prevailing party" a "reasonable attorney's fee" as well as "litigation expenses[] and costs." 42 U.S.C. § 12205. "Congress has included the term 'prevailing party' in various fee-shifting statutes, and it has been the [Supreme] Court's approach to interpret the term in a consistent manner." CRST Van Expedited, Inc. v. EEOC, 578 U.S. 419, 422 (2016) (citing Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 603 & n.4 (2001))[2]; see Perez v. Westchester Cty. Dep't of Corr., 587 F.3d 143, 149 n.5 (2d Cir. 2009) (holding that the standard to determine a prevailing party is "generally applicable in all cases in which Congress has authorized an award of fees to a prevailing party" (internal quotation marks omitted)). "The

---

[2] The Supreme Court in Buckhannon addressed "prevailing party," as here, under 42 U.S.C. § 12205. See 532 U.S. at 601.

'touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.'" CRST, 578 U.S. at 422 (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989)). Any such "change must be marked by 'judicial imprimatur.'" Id. (quoting Buckhannon, 532 U.S. at 605). One who qualifies as a prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Lefemine v. Wideman, 568 U.S. 1, 5 (2012) (quoting Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)).

### III. DISCUSSION

The parties disagree as to (among other things) whether Plaintiff may recover attorney's fees and costs. Specifically, the parties disagree as to whether the requisite judicial imprimatur exists here to render Plaintiff a "prevailing party" under 42 U.S.C. § 12205.[3] (Compare Plaintiff's Memorandum in Support of Attorney's Fees and Costs ("Pl. Mem."), ECF No. 60-1 at 5-9, with NBME's Opposition to Plaintiff's Motion for Attorney's Fees and Costs ("Opp."), ECF No. 61 at 5-11.) As explained below, the Court agrees with NBME that the necessary judicial imprimatur is absent here and finds Plaintiff's arguments to the contrary unavailing. Accordingly, Plaintiff cannot recover attorney's fees and costs for this case.

**A.    NBME's Provision of Accommodations Lacks Judicial Imprimatur**

Private settlement agreements or unilateral voluntary changes in a defendant's conduct do not necessarily confer prevailing party status because—standing alone—they "do not entail" judicial approval. Buckhannon, 532 U.S. at 604 n.7; see id. at 605 ("A defendant's voluntary

---

[3] Plaintiff also asserts that NBME's unilateral provision of his requested accommodations constituted a "material alteration of the legal relationship between the parties." Pl. Mem., ECF No. 60-1 at 6-7; see CRST, 578 U.S. at 422 (requiring this showing for prevailing party status). NBME does not address this specific point. See Opp., ECF No. 61 at 5-11 (arguing that Plaintiff is not a prevailing party for lack of judicial imprimatur). It is unnecessary for the Court to address this issue given the Court's conclusion that the requisite judicial imprimatur is absent.

4

change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change."). For example, a private settlement agreement may confer prevailing party status "only where . . . the district court judicially sanctioned the settlement—such as by expressly retaining jurisdiction over its enforcement or incorporating the settlement terms into its order of dismissal." Lamberty v. Connecticut State Police Union, No. 21-1275, 2022 WL 319841, at *3 (2d Cir. Feb. 3, 2022) (citations omitted); see Roberson v. Giuliani, 346 F.3d 75, 80–83 (2d Cir. 2003) (finding court's retention of jurisdiction to enforce settlement reflected judicial imprimatur sufficient to confer prevailing party status on plaintiff); Perez, 587 F.3d at 152 (finding judicial imprimatur where dismissal order incorporated settlement terms).

      The circumstances in this case lack the judicial imprimatur necessary to render Plaintiff a "prevailing party" within the meaning of 42 U.S.C. § 12205. NBME unilaterally decided to provide to Plaintiff the exact accommodations he wanted—and did so after the preliminary injunction against it was vacated. (ECF No. 52.) Plaintiff then sought a status conference to obtain a court order preventing NBME from reneging on those representations. (See ECF No. 53 (reaffirming request for status conference despite NBME's statement that it would provide the requested accommodations); ECF No. 57 at 5:1-4 (Plaintiff's request for "an order to give . . . certainty that the position of the NBME will not change").) At the status conference—where NBME reaffirmed its commitment to the accommodations it independently decided to provide—the Court explicitly declined to issue Plaintiff's requested order. (ECF No. 57 at 5:5-17). Further evidencing the Court's distance from this resolution of the accommodations issue, the undersigned stated at the conference that Plaintiff was free to submit a letter addressing why, if he decided to further pursue it, a court order was necessary. (See id. ("If you want to put

5

something in writing about why you think you need more, be my guest . . . So if you want to put something in writing, you can . . . .").)  Plaintiff never submitted anything further on this issue.  (See id. at 5:18-6:19 (reflecting that Plaintiff then requested a briefing schedule for only the issue of damages).)  The circumstances here—where the parties' dispute over Plaintiff's requested accommodations was resolved by NBME's unilateral decision to provide those accommodations—lacks the judicial imprimatur necessary to render Plaintiff a prevailing party.  See Doherty v. Thompson, 414 F. App'x 352, 353 (2d Cir. 2011) (holding Buckhannon necessitated finding that defendant's unilateral action providing relief sought lacked judicial imprimatur); Sanchez v. Patterson, 328 F. App'x 689, 691 (2d Cir. 2009) (same); Zhaoxi Ma v. Chertoff, 547 F.3d 342, 344 (2d Cir. 2008) (same).

**B.      Plaintiff's Contrary Arguments Concerning Judicial Imprimatur Are Unavailing**

Plaintiff put forth several arguments that sufficient judicial imprimatur exists to make him a prevailing party in this action.  As discussed below, each contention is unavailing.

Plaintiff's argument that the preliminary injunction confers judicial imprimatur misses the mark.  (See Pl. Mem., ECF No. 60-1 at 6-7.)  The preliminary injunction cannot render Plaintiff a prevailing party because it was vacated.  See Sole v. Wyner, 551 U.S. 74, 83 (2007) ("Prevailing party status, we hold, does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone . . . in the same case."); Dimartile v. Hochul, 80 F.4th 443, 456-58 (2d Cir. 2023) (finding a "short-lived" preliminary injunction stayed pending appeal by the Second Circuit and subsequently vacated after the appeal became moot "does not support a determination that Plaintiffs are prevailing parties eligible for attorney's fees . . . .").  Plaintiff's supporting citation to Kirk v. New York State Dep't of Educ. is inapposite because in Kirk, unlike here, the plaintiff received a final judgment and "no court overturned" that outcome favorable to the

plaintiff.  644 F.3d 134, 138 (2d Cir. 2011).  That is, in Kirk, the plaintiff prevailed at summary judgment, the case became moot while on appeal, and the plaintiff "was able to keep" the relief (a veterinary license) that he had "obtained as a consequence of the judgment."  Id. at 138-39; see Dimartile, 80 F.4th at 457-58 (explaining that Kirk is "quite at odds" with a case involving a preliminary injunction).

Plaintiff's argument that NBME "relent[ed] under threat of further injunctive relief" is not persuasive.  (Pl. Mem., ECF No. 60-1 at 6-7 (internal quotation marks omitted).)  Plaintiff relies on the undersigned's statement to the parties in the Stony Brook Action that the Court might re-issue the preliminary injunction here if that case settled and if, after giving NBME an opportunity to be heard, the Court was not persuaded by the parties in this case to take a different course of action.  (See id. at 3.)  NBME, however, was neither part of that action nor a participant in the subject conference.  At no point did the Court discuss with NBME, let alone threaten it with, the prospect of further injunctive relief.  Cf. Pres. Coal. v. Fed. Transit Admin., 356 F.3d 444, 452 (2d Cir. 2004) (finding plaintiff a prevailing party where it obtained a favorable court order against defendants and the court threatened injunctive relief for future noncompliance therewith).

Plaintiff's argument that the Court "play[ed] an integral role in resolving the case" holds no water.  (Pl. Mem., ECF No. 60-1 at 6-7.)  As described above, NBME independently agreed to grant Plaintiff's requested accommodations without any involvement from the undersigned.  See supra Part I, Section III.A.  That is, "the Court was not involved" with that decision by NBME. Indep. Project, Inc. v. Ventresca Bros. Constr. Co., 397 F. Supp. 3d 482, 492 n.3 (S.D.N.Y. 2019) (finding no judicial imprimatur based on settlement)[4]; see Hess v. Astrue, No. 09-CV-2516, 2010

---

[4]   Ventresca Bros. Constr. separately found judicial imprimatur because, unlike here, the court expressly retained jurisdiction to enforce settlement.  See 397 F. Supp. at 492 n.3.

7

WL 2710447, at *2 (E.D.N.Y. July 6, 2010) (similar).  Plaintiff's reliance on Perez is misplaced because that case is plainly distinguishable.  In Perez, the Second Circuit found judicial imprimatur because (1) the parties drafted their settlement agreement as contingent on judicial approval, and (2) before the parties reduced their settlement to writing, the district judge "played an integral role in the resolution of the suit" by "advis[ing] the parties on how they should expect the law to come out," suggesting settlement terms, directing counsel to conduct settlement negotiations, directing counsel to bring settlement offers to the parties, and "press[ing] Defendants' counsel on the need to make the agreement part of an enforceable stipulation."  587 F.3d at 52-53.  That constellation of circumstances is far removed from what happened here.

Plaintiff's final argument that "policy considerations" favor deeming him a prevailing party is a nonstarter.  (Pl. Mem., ECF No. 60-1 at 8.)  In support of this assertion, Plaintiff contends that NBME offered accommodations to head off an obligation to pay attorney's fees that would result from a future court order compelling it to provide the accommodations.  (See id.)  But Supreme Court precedent forecloses this argument twice over.  First, that argument is particularly unpersuasive where, as here, the plaintiff sought damages in addition to equitable relief.[5]  See Buckhannon, 532 U.S. at 608–09 ("[P]etitioners' fear of mischievous defendants only materializes in claims for equitable relief, for so long as the plaintiff has a cause of action for damages, a defendant's change in conduct will not moot the case.").  Second, and more to the point, Plaintiff's policy argument is untenable after Buckhannon's rejection of such policy arguments.  Buckhannon made clear that judicial imprimatur is required and that courts should not "analy[ze] . . . the

---

[5]   Plaintiff maintained his claim to damages even after NBME offered Plaintiff his requested accommodations.  In fact, during the May 4, 2023, status conference, Plaintiff reiterated after accommodations were discussed that he intended to pursue damages.  (See ECF No. 57 at 6:1-17.)  Only recently did Plaintiff concede, in his briefing for the instant motion, that he no longer seeks damages. (See Reply Brief in Support of Plaintiff's Fee Petition ("Reply"), ECF No. 62 at 2 n.1.)

8

defendant's subjective motivations in changing its conduct" because that "is clearly not a formula for 'ready administrability.'"  Id. at 609-10 (quoting Burlington v. Dague, 505 U.S. 557, 566 (1992)); see P.J. v. Conn. State Bd. of Educ., 931 F.3d 156, 166 (2d Cir. 2019) (recognizing that the Supreme Court has prohibited "analyz[ing] a defendant's subjective motivations for any change of conduct [to] determine whether the change was really a response to the plaintiff's meritorious legal claims" (citing Buckhannon, 532 U.S. at 609-10)).

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's motion for attorney's fees and costs is DENIED.

In addition, because Plaintiff no longer "seek[s] damages or any other relief beyond that already obtained" from NBME's unilateral decision to provide the requested accommodations, (Reply, ECF No. 62 at 2 n.1), this action is hereby DISMISSED as moot.  See Del. Riverkeeper Network & Del. Riverkeeper v. N.Y. State Dep't of Envtl. Conservation, 788 F. App'x 65, 66 (2d Cir. 2019) ("[I]f events subsequent to the filing of a lawsuit resolve the controversy, the case should be dismissed as moot." (quoting Deeper Life Christian Fellowship, Inc. v. Sobol, 948 F.2d 79, 81 (2d Cir. 1991))).  The Clerk of the Court is respectfully directed close this case.

**SO ORDERED.**

Dated:  February 7, 2024
       Central Islip, New York

                                    /s/ (JMA)
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE

9